FILED
APR 21 2016

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| LISA A. DAVIS, | \* | CIV 12-5008 |
| | \* | |
| Plaintiff, | \* | |
| | \* | MEMORANDUM OPINION AND |
| | \* | ORDER ON PLAINTIFF'S MOTION |
| | \* | TO COMPEL |
| vs. | \* | |
| | \* | |
| CRESCENT ELECTRIC COMPANY, | \* | |
| ("CESCO") a Delaware Corporation; | \* | |
| JAMES M. SULLIVAN, CESCO 015 | \* | |
| Branch Manager; MARTIN S. | \* | |
| BURBRIDGE, President/CEO; JAMES R. | \* | |
| ETHEREDGE, Sr. Vice Pres./CFO; | \* | |
| CHRISTOPHER P. BRESLIN, | \* | |
| Sr. Vice Pres./COO; DANIEL E. | \* | |
| PHILIPPI, Vice Pres.-Human Resources; | \* | |
| JAMES M. SWEENEY AND | \* | |
| ASSOCIATES, INC., an Iowa Corporation; | \* | |
| LIBERTY MOTORS, INC. ("LIBERTY"), | \* | |
| a South Dakota Domestic Business; | \* | |
| LARRY L. PATNOE, Liberty President; | \* | |
| and DONALD E. PATNOE, Liberty | \* | |
| President/Treasurer, | \* | |
| | \* | |
| Defendants. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff Lisa Davis (Davis) has filed a motion to compel discovery pursuant to Federal Rule of Civil Procedure 37(a). For the following reasons, the motion will be granted.

## BACKGROUND

The facts of this case were thoroughly explained in this Court's Memorandum Opinion and Order on Plaintiff's Motion for Sanctions. As such, the Court will only recite the facts directly pertinent to this pending motion to compel. Discovery in this case was to be completed by March 19, 2015. Doc. 66. The motion deadline was April 16, 2015. *Id.* On August 15, 2015, counsel for Davis sent a letter via email to counsel for CESCO requesting production of the "PST computer files that contain all the emails that were sent and received by the owners of the

associated email account." Plaintiff's Brief in Support of Motion to Compel, Doc. 105, at 3-4. Davis retained Michael N. Wakshull, a forensic document examiner, and wishes for him to examine the files that Defendants would disclose were an order to compel issued from this Court.

On August 17, 2015, counsel for CESCO rejected Davis's request for production. Citing the prejudice that would befall CESCO were Defendants to produce the requested computer files, Defendants stated, "Without an Order allowing discovery and agreement on the terms of an examination, we will not provide the requested PST files." *Id.*, Doc. 105-2, at 3. This motion to compel followed.

There is no dispute that, in its initial disclosures in discovery, CESCO provided Davis with a copy of the email at issue here.

## DISCUSSION

"The district court has broad discretion to compel or deny discovery, and [an appellate court] will therefore leave undisturbed a district court's ruling unless [it is found] that [the district court] made a clear error of judgment or applied the wrong legal standard." *Jackson v. Corrections Corp. of America*, 606 Fed.Appx 945, 950 (11th Cir. 2015) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306-07 (11th Cir. 2011)). As such, a district court retains "'a range of choice' in such matters," and a reviewing court "will not second-guess the district court's actions unless they reflect a 'clear error of judgment.'" *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006) (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)).

Motions to compel discovery disclosures are governed by Federal Rule of Civil Procedure 37. "A party requesting the discovery is entitled to move for [an order] compelling disclosure after having made a good faith effort to resolve the dispute by first conferring with the other party." *Black Hills Molding, Inc. v. Brandom Holdings, LLC*, 295 F.R.D. 403, 409 (D.S.D. 2013). Under this district's local rules, "A party filing a motion concerning a discovery dispute shall file a separate certification describing the good faith efforts of the parties to resolve the dispute." D.S.D. LR 37.1. The scope of what is discoverable under Federal Rule of Civil Procedure 26(b) is extremely broad. *See* 8 Charles Alan Wright, et al., Federal Practice and Procedure § 2007, 118-24 (3d ed. 2010). "To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Id.* at 120 (quoting *Hickman v. Taylor*, 329

U.S. 495. 507, 67 S.Ct. 385, 91 L.Ed 451 (1947)). If an undue delay has been caused by the moving party, the court may reject a motion to compel as untimely. *Gault v. Nabisco Biscuit Co*, 184 F.R.D. 620, 622 (D. Nev. 1999) (quoting 8A Wright, Miller & Marcus, *Federal Practice and Procedure*: Civil 2d § 2285 (1994 & Supp. 1998)). If such delay results in substantial injustice to the nonmoving party, "'the court may hold that the requesting party has waived the right to compel response and disclosure.'" *Id.* (quoting The Rutter Group, *Federal Civil Procedure Before Trial*, ¶ 11.753 (1998)). "A motion to compel may be filed after the close of discovery." *Id. See Barnes v. District of Columbia*, 289 F.R.D. 1, 6 (D.D.C. 2012) ("Courts may, if appropriate, consider motions to compel filed after discovery has closed.") (citation omitted).

"Federal Rule of Civil Procedure 26 permits discovery of anything relevant to a claim or defense at issue in the case." *Brandom Holdings, LLC*, 295 F.R.D. at 411. "Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings." *Id.* Thus, "'[r]elevancy . . . encompass[es] any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Id.* (quoting *EEOC v. Woodmen of the World Life Ins. Soc'y*, No. 08:03-CV-165, 2007 WL 1217919, at *1 (D. Neb. Mar. 15, 2007) (internal quotations and citation omitted)). According to the Advisory Committee's note to the 2000 amendments to Rule 26(b)(1),

> The Committee intends that the parties and the court focus on the actual claims and defenses involved in the action. . . . The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings. . . . When judicial intervention is invoked, the actual scope of discovery should be determined according to the reasonable needs of the action. The court may permit broader discovery in a particular case depending on the circumstances of the case, the nature of the claims and defenses, and the scope of the discovery requested.

Fed.R.Civ.P. 26(b)(1) Advisory Committee's Notes, 2000 Amendment. Ultimately, "[c]ourts consider the prior efforts of the parties to resolve the dispute, the relevance of the information sought, and the limits imposed by Rule 26(b)(2)(C) when deciding whether to grant a motion to compel." *Barnes*, 289 F.R.D. at 5-6 (citations omitted).

Here, by the time Davis's current attorney-of-record began handling Davis's case, discovery had closed. The Order, Doc. 92, issued on July 13, 2015, made clear that Davis could

file a motion to compel further discovery once attorney Gonzalez familiarized himself with the case. Doc. 92 at 2 n. 1 ("The court does not interpret Ms. Davis' motion to continue as a motion to compel. If a discovery dispute persists after attorney Gonzalez familiarizes himself with the case and the parties complete good faith efforts to resolve the dispute (D.S.D. LR 37.1), Ms. Davis retains the ability to file a motion to compel at that time."). Attorney Gonzalez contacted defense counsel on August 15, 2015 in an effort to resolve the claimed email dispute without resorting to court intervention. It was only after Defendants rejected Gonzalez's request that Gonzalez sought court intervention. In addition, Davis's motion to compel was filed on August 24, 2015. This Court does not find that the time between the July 13 Order and Davis's motion to compel to be an example of undue delay. Given that Defendants produced over 30,000 pages of documents in discovery, including a copy of the email at issue here, the amount of time taken to review those documents and then draft and file the motion to compel is reasonable. While Defendants argue that the motion to compel is untimely and, in effect, is a request to reopen discovery, a court is not prohibited from granting a motion to compel despite the fact that discovery has closed. *See Barnes*, 289 F.R.D. at 20 ("This Court truly wishes, in the spirit of its April 27, 2012 Order, [], that discovery for the liability phase would be finished by now. However, the Court finds reason to partially grant plaintiffs' Motion to Compel, despite the fact that it was filed after the close of fact discovery."). The information Davis seeks through her motion to compel is not, Defendants point out, information that was sought by Davis when discovery was open and not provided by Defendants. *See id.* ("Plaintiffs claim the information they seek relates to three previous document requests."). In any event, Davis seeks the information based on a disclosure that was provided during discovery, i.e., the claimed email in question. Given the unique claims being asserted by Davis–that Defendants fabricated the email in question–the Court finds that the additional discovery requested is warranted.

Defendants further object on the ground that the information sought by Davis was not requested in compliance the formal rules established by Federal Rule of Civil Procedure 34. Rule 34 provides a procedure for production of electronically stored information by an opposing party. Rule 37 provides that the requesting party may move for an order to compel discovery after there has been a failure to respond to a request. The Court rejects, however, the argument that Davis's motion to compel should be denied only because of the form of the initial request. The "'meet

and confer' requirement, satisfied in this instance, requires counsel to communicate in good faith with each other—via telephone, letter correspondence, or email—to attempt to resolve any discovery disputes prior to the filing of a motion to compel." *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 464 (S.D. Ohio 2015).

Defendants also object that the information sought is not relevant. "'Relevant information need not be admissible at the trial[, however,] if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting Fed.R.Civ.P. 26(b)(1)). In *Garcia v. Berkshire Life Ins. Co. of America*, the plaintiffs argued, in opposition to a motion for sanctions, that a questionable email had no relevance to any issue in the case. No. 04-cv-01619-LTB-BNB, 2007 WL 6757307, at *7 (D. Co. Nov. 29, 2007). The email was presented to the court in *Garcia* at a hearing to determine "plaintiff's explanation for why attorney fees should not [have been] assessed against her in connection with [an] order granting in part a motion to compel discovery." *Id.* at *6. Finding the email to be relevant to the action, the *Garcia* court disagreed. It held, "The great significance of the [] e-mail string is that it demonstrates that the plaintiff's willingness to lie knows no bounds. [The plaintiff] is willing equally to . . . submit false evidence in open court. The plaintiff's conduct is destructive of the justice system and is intolerable." *Id.* at *7.

Here, this Court noted in the Conclusion of the previous Memorandum Opinion and Order ruling on Davis's motion for sanctions that the claimed email in question is peripheral to the issues in this case. The Court also expressed concerns regarding Federal Rule of Evidence 403 and how that Rule might affect the claimed email's presentation at trial. At any rate, the claimed fake email and its origins is relevant here insofar as it affects the integrity of this Court and the justice system at large. As noted in the previous Order ruling on Davis's motion for sanctions, submitting a false discovery document–or fabricating evidence–"has been referred to as 'the most egregious misconduct' which justifies a finding of fraud upon the Court." *Interpreter Services, Inc. v. BTB Technologies, Inc.*, No. CIV 10-4007, 2011 WL 6935343, at *8 (D.S.D Dec. 29, 2011) (quoting *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions (Antitrust Actions)*, 538 F.2d 180, 195 (8th Cir. 1976), *abrogation on other grounds recognized by Briscoe v. County of St. Louis, Missouri*, 690 F.3d 1004, 1011 n. 2 (8th Cir. 2012)). While the Court does not rule on whether or not the claimed email is in fact fabricated,

its origins are relevant to this action. Defendants maintain that allowing for the discovery requested will present undue burden as they will be forced to hire their own expert to examine the email and rebut Davis. The Court acknowledges that this process will surely prolong this litigation, but Defendants are nonetheless free to hire their own expert in opposition to Davis.

IT IS ORDERED that Plaintiff Lisa A. Davis's motion for an order to compel discovery, Doc.101, is granted.

Dated this 21st day of April, 2016.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]*
Deputy

6