FILED
OCT 12 2016
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| LISA A. DAVIS, Plaintiff, vs. CRESCENT ELECTRIC COMPANY, ("CESCO") a Delaware Corporation; JAMES M. SULLIVAN, CESCO 015 Branch Manager; MARTIN S. BURBRIDGE, President/CEO; JAMES R. ETHEREDGE, Sr. Vice Pres./CFO; CHRISTOPHER P. BRESLIN, Sr. Vice Pres./COO; DANIEL E. PHILIPPI, Vice Pres.-Human Resources; JAMES M. SWEENEY AND ASSOCIATES, INC., an Iowa Corporation; LIBERTY MOTORS, INC. ("LIBERTY"), a South Dakota Domestic Business; LARRY L. PATNOE, Liberty President; and DONALD E. PATNOE, Liberty President/Treasurer, Defendants. | * | CIV 12-5008<br><br>MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S SUPPLEMENTAL MOTION TO COMPEL |

Plaintiff, Lisa A. Davis ("Davis"), has filed a Supplemental Motion for an Order to Compel pursuant to Rule 37(a) of the Federal Rules of Civil Procedure. Doc. 141. Specifically, Davis requests: Julie Stienstra/Julie Skinner's emails from November 28, 2010 to July 6, 2011 and associated export logs from the Quest Software Archive Manager program. For the following reasons, the motion will be granted.

## BACKGROUND

The facts of this case have been thoroughly explained in this Court's prior memorandum opinion and orders. *See* Docs. 121 and 122. As such, the Court will only recite the facts directly pertinent to this pending motion.

On August 24, 2015, Davis filed a Motion to Compel Defendant, Crescent Electric Supply Company ("CESCO"), to produce the PST computer file from the CESCO server, the PST computer file from Davis' work computer, and the PST computer file from CESCO's Outlook Archives. Doc. 101. The motion further specified that "[k]nowledge must be learned as to how Julie Skinner/Stienstra had access to Lisa A. Davis' email in order to print them." On April 21, 2016, this Court granted Davis' motion. Doc. 122.

Thereinafter, on August 15, 2016, counsel for Davis sent a letter to counsel for CESCO and requested that CESCO provide access to Lisa Davis, James Sullivan, and Julie Stienstra Skinner's computers in order to have a forensic examiner extract PST file for examination. Doc. 142-1. On September 6, 2016, counsel for CESCO responded that CESCO "will not allow [the] forensic representative access to the computers because such an unfettered investigation of Jim Sullivan's computer, Julie Skinner's computer, or all of CESCO's PST files may provide access to confidential information and privileged communications, and it is beyond the scope of the Court's Order and the relief requested." Doc. 142-2. That same day, counsel for Davis suggested having the forensic examiner execute a non-disclosure agreement and further requested that CESCO's internet technician contact the forensic examiner as soon as possible "so this matter can be resolved without further court intervention." Doc. 142-3.

Beginning on September 12, 2016, James Sevel ("Sevel"), Davis' forensic examiner, contacted CESCO's internet technician, Dennis Hill ("Hill"), and requested,

- Lisa Davis email from November 28, 2010 to April 15, 2011;
- James Sullivan email from November 28, 2010 to November 30, 2010;
- Julie Stienstra/Julie Skinner email from November 28, 2010 to July 6, 2011; and
- Export logs from the Quest Archive Manager program.

Doc. 142-4. On September 21, 2016, Sevel advised Hill that he had received the email data for Lisa Davis and James Sullivan, but inquired further as to the status of the email data for Julie Stienstra/Julie Skinner, which he had not yet received. *Id.* Hill responded that he was told to provide only email data on Lisa Davis and James Sullivan, and any other email data would have to be requested. *Id.* Thereinafter, counsel for Davis requested that Hill be authorized to provide the email data for Julie Stienstra/Julie Skinner. *Id.* Counsel for CESCO responded that CESCO would not authorize the request for Julie Stienstra/Julie Skinner's email data as it was beyond the scope of the Court's Order and the requested relief in both the discovery request and the Motion

to Compel. *Id.* CESCO's counsel further reiterated its position that email data from Julie Stienstra/Julie Skinner may contain confidential and privileged information. *Id.*

This supplemental motion to compel followed. Doc. 141.

## DISCUSSION

"The district court has broad discretion to compel or deny discovery, and [an appellate court] will therefore leave undisturbed a district court's ruling unless [it is found] that [the district court] made a clear error of judgment or applied the wrong legal standard." *Jackson v. Corrections Corp. of America*, 606 Fed.Appx 945, 950 (11th Cir. 2015) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306-07 (11th Cir. 2011)). As such, a district court retains "'a range of choice[s]' in such matters," and a reviewing court "will not second-guess the district court's actions unless they reflect a 'clear error of judgment.'" *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006) (quoting *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)).

Motions to compel discovery disclosures are governed by Federal Rule of Civil Procedure 37. Pursuant to Rule 37(a)(3)(B)(iv), a party may move for an order from the court compelling production or inspection if "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection . . . ." FED. R. CIV. P. 37(a)(3)(B)(iv). Ultimately, "[c]ourts consider the prior efforts of the parties to resolve the dispute, the relevance of the information sought, and the limits imposed by Rule 26(b)(2)(C) when deciding whether to grant a motion to compel." *Barnes v. District of Columbia*, 289 F.R.D. 1, 5-6 (D.D.C. 2012) (citations omitted).

*Good Faith Effort*

"A party requesting the discovery is entitled to move for [an order] compelling disclosure after having made a good faith effort to resolve the dispute by first conferring with the other party." *Black Hills Molding, Inc. v. Brandom Holdings, LLC*, 295 F.R.D. 403, 409 (D.S.D. 2013). Davis has demonstrated to the Court that she made a good faith effort to resolve the discovery dispute. After receiving this Court's order compelling discovery, Davis made a demand on CESCO to produce, among other things, Julie Steinstra/Julie Skinner's email data and accompanying export logs. Around the same time, Davis enlisted the services of James Sevel, the CEO, founder, and Senior Forensic Examiner at San Diego Digital Forensics, Inc. *See* Declaration of James A. Sevel and attached Curriculum Vitae, Doc. 141-1; *see also* Certificate of

Good Faith Attempt to Resolve Discovery Dispute Regarding PST Computer Files, Doc. 143. Further, when fears arose concerning the potential disclosure of confidential and/or privileged information, Davis attempted to resolve the issue by offering to have Mr. Sevel sign a non-disclosure agreement. Doc. 142-3. CESCO was not amenable to this solution, however, and in its Memorandum in Opposition stated that "[d]espite Plaintiff's offer to have Mr. Sevel execute a non-disclosure agreement, CESCO's private information would not remain private. A non-disclosure agreement would not provide adequate assurances." Doc. 151 at 6.

First, CESCO does not explain how or why a non-disclosure agreement would not quell its fears of disclosure of confidential and/or privileged information. CESCO simply makes general claims concerning the disclosure of such information. Second, the computer that Davis seeks to examine is a business computer that is unlikely to contain any personal information. Therefore, without more of an explanation by CESCO as to what it seeks to protect and why it seeks to protect it, the Court finds that a non-disclosure agreement executed by Mr. Sevel will sufficiently protect any and all confidential and/or privileged information that may be uncovered during the forensic examination of Julie Stienstra/Julie Skinner's computer and associated export logs.

*Relevance*

"Federal Rule of Civil Procedure 26 permits discovery of anything relevant to a claim or defense at issue in the case." *Brandom Holdings, LLC*, 295 F.R.D. at 411. "Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings." *Id.* Thus, "'[r]elevancy . . . encompass[es] any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Id.* (quoting *EEOC v. Woodmen of the World Life Ins. Soc'y*, 2007 WL 1217919, at *1 (D. Neb. Mart. 15, 2007) (internal quotations and citation omitted)). Here, Davis seeks a forensic examination to determine the authenticity of the claimed fake email, "Ok. I was just wondering. I can live with that. Thank you[,]" which cannot be accomplished without an examination of Julie Stienstra/Julie Skinner's computer files. This information, as previously noted by this Court, "affects the integrity of this Court and the justice system at large." Doc. 122 at 5. As such, the information sought is relevant and discoverable.

First, after reviewing James Sevel's Declaration and attached Curriculum Vitae, the Court finds persuasive Mr. Sevel's observation that:

4

> 8) Printed versions of emails, or email threads, cannot be considered to be forensically sound unless the original digital version can be examined for authenticity. In this situation, a review of the PST file containing the original emails and emails threads, with their associated metadata, is needed.

Doc. 141-1 at 2. Further, the Court finds CESCO's claim that Davis' request is overly broad to be without merit. Again, the Court finds Mr. Sevel's explanation of the requested dates of information to be compelling:

> 12) The requested email and their associated dates were requested for the following reasons:
>
>> a) All requests were for one day before and one day after any specific date because email servers often use UTC/GMT (Coordinated Universal Time or Greenwich Means Times) or other times zones. This is often dependent on where the email server is located or the settings established by the IT staff. This means that an email requested for a specific time may not be provided if the time zone was different.
>>
>> b) The printed email threads in question show that Lisa Davis sent or received emails from November 29, 2010 at 12:31 PM through April 14, 2011 at 11:49 AM.
>>
>> c) The printed email threads in question show that James Sullivan sent or received emails from November 29, 2010 at 12:30 PM through November 29, 2010 at 2:22:30 PM
>>
>> d) The printed email threads in question show that Julie Stienstra (aka Julie Skinner) had access to emails to/from Lisa Gonzalez and James Sullivan that ranged from November 29, 2010 to April 14, 2011. And, Ms. Stienstra (aka Julie Skinner) specifically printed these email threads on April 25, 2011 and July 5, 2011.

Doc. 141-1 at 3. Therefore, the Court finds that Davis has specifically identified the information sought and CESCO must permit discovery of Julie Stienstra/Julie Skinner's email data and accompanying logs.

## CONCLUSION

Based on the information before this Court, Davis attempted, in good faith, to obtain discovery without this Court's intervention. However, at each juncture, Davis' efforts were stymied by CESCO. Further, the information sought by Davis is relevant and discoverable in order to answer the larger question of whether the email was a fake. Therefore,

IT IS ORDERED

1. That Plaintiff's Supplemental Motion for an Order to Compel, Doc. 141, is granted.
2. That Plaintiff will provide a non-disclosure agreement executed by its forensic examiner, James Sevel, in order to protect any confidential and/or privileged information that may be uncovered during Mr. Sevel's forensic examination of Julie Stienstra/Julie Skinner computer and associated export logs.

Dated this 12th day of October, 2016.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)    DEPUTY

6